IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Southern Division

| ALEXANDRIA HARVISON and MORGAN MCLEOD | * |
| --- | --- |
| Plaintiffs, | * |
| v. | * CASE NO.: 1:23-cv-00072-HSO-BWR |
| G.A. WEST & CO., INC., | * |
| Defendant. | * |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant G.A. West & Co., Inc. ("G.A. West") respectfully submits this memorandum brief in support of its motion to dismiss Plaintiffs Alexandria Harvison and Morgan McLeod's (collectively the "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, G.A. West states as follows:

## I.  INTRODUCTION

Plaintiffs are former employees of G.A. West—an industrial construction contractor based in Mobile, Alabama. Each Plaintiff alleges that, while employed at G.A. West, their supervisor gave preferential treatment to another employee with whom he had a romantic relationship. Plaintiffs further claim that, after they complained of this preferential treatment, they were terminated in violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964. While G.A. West denies these allegations, they are, of course, presumed to be true at this stage. Nonetheless, Plaintiffs' Complaint fails as a matter of law because the Fifth Circuit Court of Appeals recognizes "it is settled law in this Circuit" that the supervisor's "paramour preference" of which Plaintiffs allegedly complained "does not run afoul of Title VII" and, by extension,

cannot support a Title VII retaliation claim. *Wilson v. Delta State U.*, 143 Fed. Appx. 611, 614 (5th Cir. 2005).

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." In order to survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that the complaint must "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In *Iqbal*, the Court noted that Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and stated that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677–78, 679 (emphases added). *See also id*. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"). The Court, moreover, does "not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions." *Central Laborer's Pension Fund v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007).

## III. FACTUAL BACKGROUND

The following statement of facts is based on the allegations of Plaintiffs' Complaint, which are presumed to be true solely for purposes of G.A. West's Motion to Dismiss. Plaintiffs are former employees of G.A. West who worked in Greene County, Mississippi. [Doc. 1-1, p. 5 at ¶ 5.] Each Plaintiff alleges that G.A. West hired a "female employee who began having sexual relations with [their] supervisor," at which point the Plaintiffs allege "the supervisor began giving

2

preferential treatment to the new employee such as benefits and extra hours." [*Id.* at ¶ 6.] Plaintiffs allege that they "complained to [G.A. West] about the preferential treatment being given to the" new employee, and that they were each "terminated shortly after making their complaints to" G.A. West. [*Id.* at ¶ 7.] On this basis, Plaintiffs claim their "terminations were a direct result of engaging in a protected activity under Title VII." [*Id.* at ¶ 9.]

## IV.     ARGUMENT

As previously noted, Plaintiffs' Complaint should be dismissed because the Fifth Circuit Court of Appeals recognizes "it is settled law in this Circuit" that the conduct Plaintiffs allegedly complained of—that a supervisor gave preferential treatment to a paramour coworker—"does not run afoul of Title VII" and, therefore, cannot support a Title VII retaliation claim as a matter of law. *Wilson*, 143 Fed. Appx. at 614.

"To state a Title VII retaliation claim, the Plaintiff must allege facts that tend to establish: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Richards v. JRK Prop. Holdings*, 405 Fed. Appx. 829, 831 (5th Cir. 2010). The focus of this motion is on the first of these elements—that of a protected activity. "With respect to [this] first element, Title VII's retaliation provision makes it unlawful for an employer to discriminate against an employee because she 'has opposed any practice made an unlawful employment practice by this chapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.' Thus, Title VII prohibits retaliation in instances of either protected opposition or protected participation. Although the elements of a retaliation claim are the same in either instance, federal courts have generally granted less

3

protection for activity falling under the opposition clause.'" *Alack v. Beau Rivage Resorts, Inc.*, 286 F. Supp. 2d 771, 774 (S.D. Miss. 2003) (quoting 42 U.S.C. § 2000e–3).

Plaintiffs' retaliation theory falls within the less protective opposition clause. To state a claim under the opposition clause, Plaintiffs must plausibly allege facts that would show they "had a *reasonabl[e]* belief that the employer was engaged in unlawful employment practices." *Byers v. Dallas Morn. News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (citation and quotations omitted) (emphasis added). "In Title VII retaliation cases, the objective reasonableness of an employee's belief can be decided as a matter of law in some cases." *Allen v. Admin. Rev. Bd.*, 514 F.3d 468, 477 (5th Cir. 2008) (citing *Byers*, 209 F.3d at 428). *See also, e.g.*, *Hopkins v. Carlock Nissan of Tupelo, Inc.,* 1:21-CV-189-DMB-RP, 2022 WL 17083648, at *2 (N.D. Miss. Nov. 18, 2022) (granting Rule 12(b)(6) motion to dismiss Title VII retaliation claim because it was not "reasonable for [plaintiff] to believe that" his supervisor's conduct "was unlawful under Title VII.").

This is one such case where the "objective reasonableness" of Plaintiffs' belief of unlawful activity can be decided as a matter of law. Indeed, the Fifth Circuit has recognized for two decades that Title VII does not prohibit the allegedly unlawful conduct at issue: that a supervisor gave preferential treatment to a paramour co-worker. In *Ackel v. National Communications, Inc.*, 339 F.3d 376 (5th Cir. 2003), an employee similarly alleged that the employer violated Title VII "because she was removed" from her position "as a result of [her supervisor's] favoritism" toward another employee with whom her supervisor had a sexual relationship, and that she "then was terminated for complaining about that favoritism." *Ackel*, 339 F.3d at 382. The Fifth Circuit held that the plaintiff failed to state a Title VII claim because the adverse employment action "was not based on her gender," explaining "'courts have held that when an employer discriminates in favor of a paramour, **such an action is not sex-based discrimination**, as the favoritism, while unfair,

4

disadvantages both sexes alike for reasons other than gender.'" *Id.* (quoting *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 656 n.6 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)) (emphasis added).

Two years after *Ackel*, the Fifth Circuit reaffirmed in *Wilson* that "'paramour favoritism' is not an unlawful employment practice under Title VII" and, therefore, could not support a Title VII retaliation claim as a matter of law. *Wilson*, 143 Fed. Appx. at 613. There, the plaintiff—a former employee of Delta State University—complained to the University president that a female employee, Dr. Michelle Roberts, was appointed to the position of Chief Information and Planning Officer of the University only "because she was having an affair with Dr. Leroy Morganti, a University administrator." *Id.* The plaintiff was terminated four days later and filed a complaint alleging retaliation under Title VII, claiming his termination was "in retaliation for his complaints to [the president] that Dr. Roberts was not qualified for the CIPA position and that she received the appointment because she was having an affair with Morganti." *Id.*

In finding that Wilson's retaliation claim failed as a matter of law, the Fifth Circuit first noted that "the practice of which Wilson complained, that Roberts was unqualified and was hired because of an affair, is not a practice made unlawful by Title VII." *Id.* at 613–14. Citing *Ackel*, the Court further explained that, "[e]ven if his allegation that Roberts obtained the position because of her affair were correct, such 'paramour favoritism' is not an unlawful employment practice under Title VII, because the fact that Wilson may have been terminated for complaining about favorable treatment received by Roberts is unrelated to Wilson's gender." *Id.* at 614 (cleaned up). In turn, "[b]ecause it is settled law in this Circuit that such paramour favoritism does not run afoul of Title VII, Wilson's alleged belief to the contrary *could not have been reasonable*" and, therefore, did not amount to an activity protected by Title VII's opposition clause. *Id.* (emphasis added).

5

*Wilson* mandates the same conclusion here: because it is "settled law in this Circuit" that paramour favoritism of the sort allegedly complained of by Plaintiffs "does not run afoul of Title VII," any "alleged belief to the contrary could not have been reasonable." *Id.* By extension, because Plaintiffs cannot, as a matter of law, demonstrate that they "had a *reasonabl[e]* belief that the employer was engaged in unlawful employment practices," the Complaint fails to state a claim for retaliation under Title VII and should be dismissed.[1] *Byers*, 209 F.3d at 428.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs fail to state a claim for retaliation under Title VII. Accordingly, G.A. West respectfully requests that the Court dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Jonathan M. Lieb*
JONATHAN M. LIEB (104919)
jlieb@mcdowellknight.com
MCDOWELL KNIGHT ROEDDER
& SLEDGE, LLC
11 North Water St., Ste. 13290

---

[1] This is true regardless of Plaintiffs' own subjective beliefs of the unlawfulness of any paramour preference. Indeed, "[w]hether [they] believed to the contrary is immaterial" given the "settled law" on this matter. *Wilson*, 143 Fed. Appx. at 614. *See also, e.g.*, *Ballesteros v. Travis County, Texas*, 09-CV-280-LY, 2010 WL 11601007, at *11 n.5 (W.D. Tex. May 13, 2010) (explaining that, "to the extent that [plaintiff] is complaining that the favorable treatment of" a co-worker rumored to be in a sexual relationship with a supervisor "constitutes discrimination because of perceived unfairness, such a claim is not actionable under Title VII" and "any complaint made by [plaintiff] about such conduct cannot form the basis of a retaliation claim under Title VII.") (citing *Wilson*, 143 Fed. Appx. at 614); *Watkins v. Fairfield Nursing & Rehab. Ctr.*, *LLC*, 2:11-CV-2380-VEH, 2012 WL 1566228, at *7 (N.D. Ala. Apr. 26, 2012) (dismissing retaliation claim premised on termination of employee following complaint that supervisor gave preferential treatment to a paramour co-worker, concluding that "[b]ased on the *overwhelming unanimity* with which the courts (including the Eleventh Circuit) have declared paramour favoritism to be gender-neutral and not violative of Title VII, Plaintiff's subjective belief (even if in good faith) that the Defendants violated the law, as alleged in her Complaint, cannot be objectively reasonable as a matter of law.") (emphasis added).

Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)
*Attorney for G.A. West & Co., Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of March, 2023, served the foregoing document by CM/ECF, which provides service to the following counsel of record:

Daniel M. Waide, Esq.
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
dwaide@jhrlaw.net
*Attorney for Plaintiffs*

                                                 */s/ Jonathan M. Lieb*
                                                 COUNSEL