## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ALEXANDRIA HARVISON and**
**MORGAN MCLEOD**                                                                 **PLAINTIFFS**

**VERSUS**                     **CIVIL ACTION NO.:1:23-cv-00072-HSO-BWR**

**G.A. WEST & CO., INC.**                                                          **DEFENDANT**

**JURY TRIAL DEMANDED**

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiffs, by and through undersigned counsel, and makes this their Response in Opposition to Defendant's Motion to Dismiss and would show unto the Court the following, to wit:

### INTRODUCTION

The Defendant's motion must be denied for a simple reason, the Defendant leaves out the important facts from the Complaint. The supervisor at issue tried to engage in sexual relations with Plaintiff Harvison, was refused, and so a female employee who did engage in sexual acts was given the preferential treatment. The Defendant's convenient omission of facts exemplifies the importance of said facts.

### ARGUMENT

As pled in the Complaint, while working for the Defendant, Harvison received text messages from a supervisor that contained sexually explicit material. While the supervisor often invited physical interaction, Harvison did not engage in physical contact. Defendant later hired a new female employee who began having sexual relations with said supervisor. At which point

the supervisor began giving preferential treatment to the new employee such as benefits and extra hours – taken from the Plaintiffs.

Both Plaintiffs complained to the Defendant about the preferential treatment being given to the female employee who engaged in sexual relations with the supervisors. Both Plaintiffs were terminated shortly after making their complaints to the Defendant.

This was not and is not some preferential treatment situation for a paramour case. This case is about a supervisor who would give more hours to whomever was willing to crawl into a backseat with him on the job. Because the Plaintiffs would not, their complaints were met with pink slips.

First, the cases cited by the Defendant are substantially different and both involve claims that a person was hired because they already had a relationship with the supervisor – hence the claim of favoritism. *Ackel* and *Wilson* both involve parties who were involved in affairs **before** the work relationship began. An important distinction.

In the case at hand, the supervisor attempted to have a sexual relationship with his employee, Harvison. Harvison never would agree to a back seat rendezvous with the supervisor, so he began to have an affair with another female employee and took hours and benefits from the Plaintiffs. This type of conduct is the definition of *quid pro quo*.

Under the quid pro quo theory, [Plaintiffs] must show she suffered a "tangible employment action" as a result of her "acceptance or rejection of [her] supervisor's alleged sexual harassment." Casiano v. AT & T Corp., 213 F.3d 278, 283 (5th Cir. 2000). In this respect, a "tangible employment action" constitutes "a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a

decision causing a significant change in benefits." *Ellerth*, 524 U.S. at 761; *Alaniz v. Zamora–Quezada*, 591 F.3d 761, 772 (5th Cir.2009).

Here, the supervisor's message is clear, I give hours to those who sleep with me, and take away from those who do not – as evidenced by his actions.

## REQUEST FOR LEAVE TO AMEND

To the extent that the Court finds the current complaint to be lacking in support of the quid pro quo argument, Plaintiffs would request leave to amend their Complaint to include the following the language to Paragraph 6 of the Complaint:

> "Plaintiffs lost hours and benefits because neither was willing to engage in sexual activity with their supervisor. See also Exhibit A[1]. Both were terminated for complaining and reporting the supervisor's misconduct."

The supervisor's text messages make it clear that sexual favors would be rewarded with raises and promotions, hence why leave to amend would be warranted if necessary.

## CONCLUSION

The Plaintiffs complained because a supervisor was giving hours to a female employee who would sleep with the supervisor – after Plaintiff Harvison flat out refused. This type of conduct is *quid pro quo*, requiring that the Defendant's Motion to Dismiss be denied and the Defendant held accountable.

THIS the 20th day of March, 2023.

ALEXANDRIA HARVISON and
MORGAN MCLEOD
PLAINTIFFS

   */s/ Daniel Waide*
DANIEL M. WAIDE
MS BAR NO. 103543

---

[1] Messages Between Harvison and Supervisor regarding raises/promotions in exchange for sexual favors

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the 20th day of March, 2023.

                                                       /s/Daniel M. Waide
                                                      DANIEL M WAIDE

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net